### AMERICAN METAL CAP CO. v. PHŒNIX HERMETIC CO.

(District Court, E. D. New York.    September 9, 1922.)

**Patents ⊜⇒328—1,160,596, for metal cap for jars or bottles, valid and infringed.**
 The Hammer patent, No. 1,160,596, for a metal cap for jars or bottles, *held* valid and infringed.

In Equity. Suit by the American Metal Cap Company against the Phœnix Hermetic Company. Decree for complainant.

C. A. Weed, of New York City, for plaintiff.

Otto Munk, of New York City (Charles L. Sturtevant, Eugene G. Mason, and J. Ballard Moore, all of Washington, D. C., of counsel), for defendant.

GARVIN, District Judge. Plaintiff has brought this action to restrain the defendant from an alleged infringement of claims 3, 4, 7, 8, and 9 of a patent for an improvement in metal caps issued to one Hammer, November 16, 1915, No. 1,160,596, and assigned to the plaintiff. These claims are as follows:

"3. The combination with a jar or bottle having a plurality of separated inclined threads, of a bottle cap comprising a top and flange, said flange having therein a plurality of inwardly extending ribs, each being narrow and shallow at one end and wide and deep at the other end, the lower edge of each rib being parallel with the lower edge of the flange and the upper edge of each rib being parallel with the pitch of the separated threads and downwardly inclined with relation to the top of the cap, substantially as described.

"4. A cap having a flange provided with a strengthened edge, said flange having corrugations terminating short of the edge and one or more inwardly extending projections located between the edge and the corrugations, said projections being relatively narrow and shallow at one end and relatively wide and deep at the other end, the lower edge of the projections being substantially parallel with the strengthened edge and the upper edge being in-

clined thereto, the relatively wide ends of the projections extending entirely across the space between the corrugations and said strengthened edge."

"7. A closure for a storage vessel comprising a top and a flange, the latter having a strengthened edge and one or more projections on its inner face, said projections extending circumferentially of the flange, and having their sides toward the top inclined with respect to the top, and their opposite sides placed relatively close to the strengthened edge over nearly the whole length of said opposite sides.

"8. A closure for a storage vessel comprising a top and a flange, the latter having a strengthened edge and one or more projections on its inner face, said projections extending circumferentially of the flange, and having their sides toward the top, inclined with respect to the top, and their opposite sides arranged relatively close to and parallel with the strengthened edge over nearly the whole length of said projections.

"9. A closure for a storage vessel, comprising a top and a flange, the latter having its edge turned over in order to strengthen the same, and having one or more projections on its inner face, said projections each beginning at said turned edge and extending circumferentially of the flange in an inclined direction toward the top, and being in close proximity to the rolled edge over substantially their entire length."

Three improved elements are stated to appear in plaintiff's cap:

(1) An edge strengthened by turning over or curling the raw edge of the flange.

(2) Corrugations which strengthen the flange against bending.

(3) An in-pressed projection between the curled edge and the corrugations which has its wide end across the space which lies between said edge and corrugations.

The evidence shows that the defendant does not dispute that there is no prior art which would anticipate the claims. Considerable testimony was taken, but nothing of importance appears to have developed except a contention by defendant that the claims in suit should not have a liberal construction. Defendant's cap appears to be precisely like plaintiff's, except that defendant's projections do not stop at the same point as the plaintiff's, but continue and duplicate the working end of the projections on plaintiff's cap. Thus the effect is to add a trailing end to plaintiff's projection. This trailing end appears to perform no useful function. The defendant has made much of the point that the plaintiff has limited his patent to a type of cap which may be employed upon a jar with a specified and limited number of threads. An examination of claim 3, however, reveals that it does not specify the character of the jar or bottle, except to state that it has a plurality of separated inclined threads. The inventor has shown that he has in mind possible variations in detail and has stated in the patent:

"It being understood that changes in the precise embodiment of invention herein disclosed can be made within the scope of what is claimed without departing from the spirit of the invention." Page 1, lines 22–26.

"While I prefer to use the cap shown and described herein along with the type of threads shown particularly in Fig. 2, I wish to state that my cap may be employed with other designs of threads as well." Page 2, lines 40–44.

This briefly summarizes the questions to be determined, and, if the conclusions herein expressed are correct, it is not necessary to analyze and review the voluminous record.

The plaintiff may have a decree for an injunction and an accounting.